# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 04 B 31669 |
|  | ) | Chapter 7 |
| CMGT, INC., | ) | Judge John H. Squires |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| DAVID E. GROCHOCINSKI, Trustee | ) | Adversary No. 07 A 00838 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| SPEHAR CAPITAL, LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
|  | ) |  |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of Spehar Capital, LLC ("Spehar") for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), made applicable by Federal Rule of Bankruptcy Procedure 7012(c). For the reasons set forth herein, the Court denies the motion because there are disputed issues of material fact and Spehar has not shown that it is entitled to judgment as a matter of law.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O).

-2-

## II. FACTS AND BACKGROUND

On March 18, 2004, Spehar obtained a judgment in the amount of $17,045,780 and a permanent injunction against CMGT, Inc. ("CMGT") in the Superior Court of the State of California. (Resp. to Mot. for J. on the Pleadings Ex. D.) On April 7, 2004, Spehar filed a citation notice in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois. (First. Am. Compl. Ex. No. 1.)[1] The person named in the citation notice was "Louis J. Franco, President and CEO, CMGT, Inc." (*Id.*) Exhibit A to the citation notice was a citation to discover assets issued to "Louis J. Franco, President/CEO, c/o CMGT, Inc." (*Id.*) The citation notice and citation to discover assets are collectively referred to herein as the "Citation to Discover Assets." At the heart of this dispute is whether the service of the Citation to Discover Assets on Louis J. Franco ("Franco") by Spehar resulted in the attachment of a statutory lien on CMGT's personal property as Spehar claims, or whether the service was ineffective to impose a lien on CMGT's personal property as the Trustee now asserts. *See* 735 ILL. COMP. STAT. 5/2-1402(a) & (m).

The timing of service on Franco is important because on September 19, 2003, Franco resigned as president and chief executive officer of CMGT via electronic mail. (First Am. Compl. ¶ 11; First Am. Answer ¶ 11.) On April 10, 2004, Franco referenced his resignation from CMGT in a letter to its investors. (First Am. Compl. Ex. No. 2.) On May 7, 2004, Franco appeared pursuant to the Citation to Discover Assets. (First Am. Compl. ¶ 14; First Am. Answer ¶ 14.) Exhibit 11 at the Citation to Discover Assets hearing was the April 10,

---

[1] Citation proceedings are among the various post-judgment methods used in Illinois to enforce and collect judgments. 735 ILL. COMP. STAT. 5/2-1402; ILL. SUP. CT. R. 277(b).

-3-

2004 letter written by Franco that referenced his resignation. (First Am. Compl. Ex. No. 2.)

During his examination at the hearing, Franco told CMGT's counsel that he had resigned

from CMGT in September 2003, and counsel so advised CMGT's shareholders. (First. Am.

Compl. Ex. No. 3–Transcript of Citation to Discover Assets Hearing, 53:19-54:9.)

On August 25, 2004, Spehar filed a involuntary Chapter 7 bankruptcy petition against

CMGT. Thereafter, on September 15, 2004, the Court entered an order for relief under

Chapter 7. David E. Grochocinski was appointed the Chapter 7 case trustee (the "Trustee")

on September 21, 2004.

On June 14, 2005, the Trustee and Spehar entered into a letter agreement (the "Letter

Agreement") whereby Spehar agreed to loan money to CMGT's bankruptcy estate. (Resp.

to Mot. for J. on the Pleadings Ex. A.) The Letter Agreement contained a provision that

stated that the Trustee would "take all necessary or appropriate actions to void the UCC-1

financing statements or other liens that CMGT's shareholders or persons otherwise affiliated

filed with the IL Secretary of State Illinois [sic] on or about 12/18/2003." (*Id.* ¶ 2b.) The

Letter Agreement does not address the priority of Spehar's lien claim.

On July 15, 2005, the Trustee filed an application to enter into post-petition secured

financing and other relief (the "Financing Motion"). (First Am. Answer Ex. A.) The

Financing Motion informed the Court that Spehar was providing post-petition financing for

a potential malpractice action (the "Malpractice Action") against Mayer, Brown, Rowe &

Maw ("Mayer, Brown"), professionals who had rendered services to CMGT. As part of the

agreement, Spehar was to share with CMGT's estate in any recovery made in the Malpractice

Action. The Financing Motion stated in pertinent part as follows:

-4-

> Spehar . . . is the holder of a judgment against . . . [CMGT] in
> the sum of $17,045,780.00 plus interest and costs. . . . The
> judgment was duly registered in the Circuit Court of the 18th
> Judicial Circuit, DuPage County. . . . A citation to discover
> assets was issued [by Spehar] and served upon the former
> president of . . . [CMGT], Louis Franco. . . .

> To the extent that assets are available in the matter, Spehar
> . . . by virtue of the citation to discover assets which was
> served upon . . . [CMGT] more than 90 days prior to the filing
> of the petition has a valid perfected lien.

(*Id.* ¶¶ 2 & 3.)

After a hearing on the Financing Motion, the Court entered an order on September

2, 2005 (the "Financing Order"). (First Am. Answer Ex. B.) The Financing Order provided

that Spehar's advances to fund the Malpractice Action would be collateralized and repaid

from the estate's recovery in that litigation and specifically recited and ordered that "[b]y

virtue of its Citation to Discover Assets, Spehar has a valid and perfected lien on the

proceeds of any such recovery [from the Malpractice Action]." (*Id.* ¶ 6.) Further, the

Financing Order stated that "[t]he Trustee shall take all reasonable and appropriate actions

to void all liens that are asserted to be superior to Spehar's valid and perfected lien in

CMGT's assets. . . ." (*Id.* ¶ 8.)

On March 22, 2006, Spehar filed a proof of claim in CMGT's bankruptcy case for

a secured amount of $17,045,780 based on the Citation to Discover Assets. (First Am.

Compl. Ex. No. 4.) Thereafter, on April 10, 2006, Spehar filed an amended proof of claim

alleging a secured claim in the sum of $13,427,560 based on the Citation to Discover Assets,

and an unsecured nonpriority claim in the amount of $3,618,220. (First Am. Compl. Ex.

No. 5.)

-5-

On August 28, 2006, CMGT's estate filed the Malpractice Action against Mayer, Brown. (First Am. Compl. ¶ 46; First Am. Answer ¶ 46.) That litigation is currently pending in the United States District Court for the Northern District of Illinois (06 C 5486).

On August 30, 2007, the Trustee filed the instant adversary proceeding. Thereafter, on October 5, 2007, the Trustee filed a first amended complaint (the "amended complaint"). Count I of the four-count amended complaint asserts that the Citation to Discover Assets was invalid under Illinois law because Franco had resigned from CMGT and did not have actual or apparent authority to act on behalf of or bind CMGT. As a result, the Trustee contends that Spehar does not have a valid lien against any assets of CMGT pursuant to the Citation to Discover Assets.

Under Count II of the amended complaint, the Trustee alleges that on May 7, 2004, the Malpractice Action had not been commenced by CMGT, and thus, even if the Citation to Discover Assets was valid, any claim of CMGT against Mayer, Brown was beyond the scope of, not covered by, and not subject to the Citation to Discover Assets. The Trustee maintains that if the Citation to Discover Assets is determined to be valid, the scope of the Citation is limited, pursuant to 11 U.S.C. § 362, to the assets of CMGT that were within the scope of the Citation as of August 25, 2004, the date the involuntary Chapter 7 bankruptcy petition was filed by Spehar.

Count III of the amended complaint objects under 11 U.S.C. §§ 502(a) and 704(a)(5) to the proof of claim filed by Spehar. According to the Trustee, the basis for Spehar's secured component of its claim is the lien created by the Citation to Discover Assets. The Trustee argues that if the Citation to Discover Assets is determined to be valid, Spehar does

-6-

not have a secured claim with respect to any of the proceeds from the Malpractice Action because as of August 25, 2004, any claim of CMGT against Mayer, Brown was a potential chose in action beyond the scope of, not covered by, and not subject to the Citation to Discover Assets.

Count IV of the amended complaint asserts that pursuant to Illinois law and 11 U.S.C. § 362, Spehar does not have any interest in the proceeds from the Malpractice Action pursuant to the Financing Order beyond Spehar's post-petition capital advances. Specifically, the Trustee alleges that the Financing Order provides for Spehar's lien on the proceeds of the Malpractice Action. According to the Trustee, the lien claim of Spehar was never valid. The Trustee further contends that even if the lien was valid, on August 25, 2004, when the involuntary petition was filed, and on September 2, 2005, when the Court entered the Financing Order, the Malpractice Action was a potential chose in action beyond the scope of, not covered by, and not subject to the Citation to Discover Assets. The Trustee argues that pursuant to paragraphs 6 and 7 of the Financing Order, Spehar does not have any interest in the proceeds of the Malpractice Action beyond Spehar's post-petition monetary advances to CMGT's estate.

Spehar filed an amended answer to the amended complaint as well as a counterclaim alleging breach of contract by the Trustee. Spehar denies that the Citation to Discover Assets was invalid and asserts that Franco had authority to act on behalf of CMGT. Specifically, Spehar admits that on September 19, 2003, Franco resigned as president and chief executive officer of CMGT, but contends that Franco continued to act with apparent authority and represented that he was CMGT's president and/or chief executive officer. (First Am. Answer

-7-

¶ 11.) Spehar disputes the Trustee's assertions in his amended complaint that Franco was

not the president, chief executive officer, employee, or agent of CMGT on May 7, 2004, the

time the Citation to Discover Assets was served on him, (*Id.* ¶ 13), and that when he

appeared pursuant to the Citation to Discover Assets, Franco was not the president, chief

executive officer, employee, or agent of CMGT. (*Id.* ¶ 15.) Most importantly, Spehar denies

that it did not properly serve the Citation to Discover Assets on CMGT. (*Id.* ¶ 18.)

In its counterclaim, Spehar alleges that the Trustee induced it to loan money to

CMGT's estate by promising that Spehar would have a valid pre-petition secured claim

against the estate in the sum of $17,045,780. Spehar alleges that the Trustee breached his

agreement with Spehar to allow it treatment as a secured claim holder.

On January 16, 2008, Spehar filed its motion for judgment on the pleadings.

According to Spehar, the amended complaint should be denied in its entirety under the

doctrines of judicial estoppel, promissory estoppel, and the law of the case. Spehar asserts

that judgment should be entered against the Trustee and in its favor on the breach of contract

counterclaim. Spehar contends that the Financing Motion and the Financing Order constitute

an admission by the Trustee that Spehar has a valid pre-petition claim of $17,045,780 plus

interest and costs; that repayment of that amount is secured by a lien against the estate

created by the service of the Citation to Discover Assets on Franco; and the lien created by

the Citation to Discover Assets extends to the Malpractice Action and its proceeds.

The Trustee, on the other hand, argues that material issues of fact exist which

preclude the entry of judgment on the pleadings at this stage of the litigation. The Trustee

submitted an affidavit in support of his position. Specifically, the Trustee avers that after he

-8-

was appointed Trustee of CMGT's estate, Spehar approached him and advised that CMGT

had a cause of action for malpractice against Mayer, Brown, and offered to fund the

litigation. (Resp. to Mot. for J. on the Pleadings Ex. C–Affidavit of Trustee, ¶ 3.) According

to the Trustee, Spehar indicated that it held a lien claim against CMGT based on a judgment;

the judgment had been registered in Illinois; and the lien had been perfected through service

of a Citation to Discover Assets against CMGT in April 2004. (*Id.* ¶ 4.) The Trustee's

investigation revealed that Spehar held a judgment against CMGT, and that the judgment had

been recorded with the Secretary of the State of Delaware–the state of CMGT's

incorporation. (*Id.* ¶ 5.) The Trustee avers that he relied on Spehar's assertion that the

Citation to Discover Assets had been properly served on CMGT. (*Id.* ¶ 6.) Because Spehar

took the position that Franco had resigned as president of CMGT before December of 2003,

the Trustee states that he assumed the Citation to Discover Assets had been served on the

Secretary of the State of Delaware. (*Id.*)

The Trustee and Spehar negotiated an agreement that was presented to the Court and

embodied in the Financing Motion in July 2005. (*Id.* ¶ 7.) Pursuant to his agreement with

Spehar, the Trustee was to sell certain software and intangible assets to Spehar, and file the

Malpractice Action if recommended by special counsel. (*Id.*) Further, the Trustee agreed

to take reasonable and appropriate action to void the alleged secured liens asserted by parties

who had provided funds for CMGT's operations. (*Id.*) The Trustee states that his agreement

with Spehar was the product of joint negotiations. (*Id.* ¶ 8.) He further maintains that as he

read the term "void" in their agreement, there was nothing that precluded him from following

-9-

his customary procedures as a case trustee and preserving voided liens for the benefit of CMGT's estate under 11 U.S.C. § 551. (*Id.*)

According to the Trustee, although the Financing Motion and the Financing Order both stated that Spehar held a valid and perfected lien on the proceeds of the Malpractice Action, he interpreted that language as a recital rather than a limitation on his actions in fulfilling his duties as Trustee. (*Id.* ¶ 9.) The Trustee avers that he did not learn that Spehar's lien was void until after the entry of the Financing Order, when Spehar objected to his settlement with the parties who had provided funds for CMGT's operations. (*Id.* ¶ 10.) It was at or around that time, according to the Trustee, that he searched the records of the Secretary of the State of Delaware and learned that Spehar had not served the Citation to Discover Assets in Delaware (on CMGT's corporate registered agent). (*Id.* ¶ 11.) Further, the Trustee avers that it is inconsistent with his duties as a case trustee to allow secured status to a lien claim based on a citation to discover assets that was not properly served. (*Id.* ¶ 12.) Finally, in the exercise of his duties under 11 U.S.C. § 704(5), the Trustee filed the instant adversary proceeding to determine the validity, extent, and priority of Spehar's lien. (*Id.*)

## III. **APPLICABLE STANDARDS**

Spehar seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which is incorporated by reference in Federal Rule of Bankruptcy Procedure 7012. Rule 12(c) provides as follows:

-10-

> After the pleadings are closed but within such time as not to
> delay the trial, any party may move for judgment on the
> pleadings. If, on a motion for judgment on the pleadings,
> matters outside the pleadings are presented to and not
> excluded by the court, the motion shall be treated as one for
> summary judgment and disposed of as provided in Rule 56,
> and all parties shall be given reasonable opportunity to
> present all material made pertinent to such a motion by Rule
> 56.

FED. R. CIV. P. 12(c). Rule 12(c) permits a party to move for judgment after the parties have

filed the complaint and answer. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007); *N. Ind.*

*Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). "The

pleadings include the complaint, the answer, and any written instruments attached as

exhibits."[2] *N. Ind. Gun*, 163 F.3d at 452. The Seventh Circuit has interpreted "the term

'written instrument' as used in Rule 10(c) to include documents such as affidavits and letters,

as well as contracts and loan documentation." *Id.* at 453 (footnote and citations omitted).

When deciding a motion for judgment on the pleadings, a court may consider only the

contents of the pleadings. *Alexander v. City of Chi.*, 994 F.2d 333, 335 (7th Cir. 1993);

*Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus., Inc.)*, 183 B.R. 812, 817

(Bankr. N.D. Ill. 1995). However, courts may consider documents incorporated by reference

in the pleadings. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). Courts may

also take judicial notice of matters of public record. *Id.*

A motion for judgment on the pleadings is determined by the same standard applied

to a motion to dismiss for failure to state a claim. *Id.* at 1581; *Thomason v. Nachtrieb*, 888

---

[2] Pursuant to Federal Rule of Civil Procedure 10, made applicable by Federal Rule
of Bankruptcy Procedure 7010, "[a] copy of any written instrument which is an exhibit to a
pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c).

-11-

F.2d 1202, 1204 (7th Cir. 1989). "Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion." *Bannon v. Univ. of Chi.*, 503 F.3d 623, 628 (7th Cir. 2007) (*quoting Moss*, 473 F.3d at 698). A moving party must unequivocally establish that no material issue of fact exists and that judgment on the pleadings is warranted by law. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). *See also A.D.E. Inc. v. Louis Joliet Bank & Trust Co.*, 742 F.2d 395, 396 (7th Cir. 1984) (finding that judgment on the pleadings is appropriate only if it is a "certainty" that the defendant is liable).

For purposes of Rule 12(c) motions, all well-pleaded allegations contained in the non-moving party's pleadings are to be taken as true. *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989) (*citing Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 177 n.2 (7th Cir. 1986)). In ruling on a motion for judgment on the pleadings, courts must view the facts in pleadings and all inferences drawn therefrom in the light most favorable to the non-movant. *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997); *Nat'l Fid. Life Ins.*, 811 F.2d at 358 (*citing Republic Steel*, 785 F.2d at 177 n.2). Courts are not bound, however, by the legal characterizations contained in the pleadings. *Nat'l Fid. Life Ins.*, 811 F.2d at 358; *Republic Steel*, 785 F.2d at 183. Where a written instrument incorporated in the pleadings contradicts allegations in the complaint, the exhibit "trumps the allegations." *N. Ind. Gun*, 163 F.3d at 454.

-12-

## IV. DISCUSSION

The Court denies Spehar's motion for judgment of the pleadings because material issues of fact exist with respect to whether Spehar had a valid lien on CMGT's personal property via the service of the Citation to Discover Assets on Franco. Further, Spehar has not demonstrated that it is entitled to judgment as a matter of law at this point in time. Moreover, it does not appear beyond a doubt that the Trustee cannot prove any facts in support of his claims. Spehar's alleged lien arises under Illinois law, which provides that a private corporation shall be served by leaving process with "its registered agent or any officer or agent of the corporation found anywhere in the State. . . ." 735 ILL. COMP. STAT. 5/2-204. The Trustee contends that the Citation to Discover Assets was not properly served on CMGT, and thus, Spehar's claimed secured lien is void under Illinois law. Spehar, on the other hand, argues that the Citation to Discover Assets was properly served and its claim should be afforded secured lien status. Specifically, the Trustee alleges in the amended complaint that Franco was not the president or chief executive officer of CMGT when he was served with the Citation to Discover Assets. Spehar denies that allegation in its amended answer. Further, Spehar denies the Trustee's allegation that Franco was not acting in the role of president or chief executive officer of CMGT when he appeared on May 7, 2004 at the hearing on the Citation to Discover Assets. Consequently, genuine issues of material fact exist with respect to whether service of the Citation to Discover Assets on CMGT was proper and sufficient, and whether Spehar's claim should be afforded secured lien status.

-13-

**A.      Whether Judicial Estoppel Bars the Trustee's Complaint**

Judicial estoppel arises when "a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter . . . assume a contrary position. . . ." *N.H. v. Me.*, 532 U.S. 742, 749 (2001) (internal quotation omitted). *Accord Zedner v. United States*, 547 U.S. 489, 504 (2006). Judicial estoppel is an equitable concept invoked at a court's discretion and designed "'to prevent the perversion of the judicial process[.]'" *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (*quoting In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990)). In other words, "[j]udicial estoppel is intended to protect the courts from the litigatory shenanigans that would result if parties could, without limitation or consequence, swap litigation positions like hats in successive cases based on simple expediency or self-benefit." *Jarrard v. CDI Telecomms., Inc.*, 408 F.3d 905, 915 (7th Cir. 2005). "One who argues a position in court, and prevails, rarely is entitled to switch ground and argue an inconsistent position later, even within the scope of a single proceeding." *In re Hovis*, 356 F.3d 820, 823 (7th Cir. 2004).

Although no precise formula guides the application of judicial estoppel, several factors are relevant in deciding whether invocation of the doctrine would be appropriate: (1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first court to adopt its position; and (4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Jarrard*, 408 F.3d at 914-15; *United States v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003).

-14-

Spehar argues that the above noted factors are present for application of judicial estoppel. The Court disagrees with Spehar's assertion at this stage of the litigation. Material issues of fact exist with respect to whether Spehar has a valid lien. The Trustee maintains that he was mistaken as to the secured status of Spehar's claim when he filed the Financing Motion and requested the Court to sign the Financing Order. Thus, an issue of fact exists as to whether the Trustee's position on the actual status of Spehar's lien claim was the product of mistake. More importantly, while the Financing Order did contain a recitation with respect to the status of Spehar's lien, the Court did not determine the priority of the lien. The Financing Motion was uncontested and no evidence was presented to the Court in order to make a specific finding. Rather, the recital in the Financing Order was the product of a stipulation between the parties. To apply the doctrine at this stage of the proceedings would constitute a "perversion of the judicial process," *Cannon-Stokes*, 453 F.3d at 448, given the fact that the Court did not adjudicate the priority, extent, or validity of Spehar's lien. Consequently, Spehar's motion for judgment on the pleadings cannot be granted on the basis of its claim for judicial estoppel.

**B.     Whether Promissory Estoppel Bars the Trustee's Complaint**

Promissory estoppel is an equitable tool that allows a court to infer a contract where none would otherwise exist. *Genin, Trudeau & Co., Ltd. v. Integra Dev. Int'l*, 845 F. Supp. 611, 616 (N.D. Ill. 1994). A claim for promissory estoppel can succeed only where all the elements of a contract exist, but consideration is lacking. *Dumas v. Infinity Broad. Corp.*, 416 F.3d 671, 677 (7th Cir. 2005). To prevail on a claim for promissory estoppel, a party must prove each of the following elements: (1) an unambiguous promise; (2) reasonably

-15-

and justifiable reliance by the party to whom the promise was made; (3) the reliance was expected and foreseeable by the promissor; and (4) the promisee relied on the promise to its detriment. *Id.* at 677 (*quoting Quake Constr., Inc. v. Am. Airlines, Inc.*, 565 N.E.2d 990, 1004 (Ill. 1990)); *Fischer v. First Chi. Capital Mkts., Inc.*, 195 F.3d 279, 283 (7th Cir. 1999). "'Promissory estoppel is not a doctrine designed to give a party . . . a second bite at the apple in the event that it fails to prove a breach of contract.'" *All-Tech Telecom, Inc. v. Amway Corp.*, 174 F.3d 862, 869-70 (7th Cir. 1999) (*quoting Walker v. KFC Corp.*, 728 F.2d 1215, 1220 (9th Cir. 1984)).

The Court concludes that at this stage of the proceedings material issues of fact exist as to whether the recitations contained in the Financing Motion and Financing Order constitute an unambiguous promise by the Trustee as claimed by Spehar. In addition, the issue of whether Spehar reasonably and justifiably relied to its detriment on any alleged promise made by the Trustee regarding its lien is a question of fact that cannot be determined on the present limited record before the Court. Consequently, Spehar's motion for judgment on the pleadings cannot be granted on the basis of its claim for promissory estoppel.

**C.    Whether the Doctrine of Law of the Case Bars the Trustee's Complaint**

The doctrine of the law of case provides that "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (*quoting Ariz. v. Cal.*, 460 U.S. 605, 618 (1983)). In other words, when a ruling has been made in an earlier phase of litigation, that ruling controls the later phases unless a good reason is shown to depart from that ruling. *Tice v. Am. Airlines, Inc.*, 373 F.3d 851, 853 (7th Cir. 2004).

-16-

"[T]he law of the case doctrine embodies the notion that a court ought not to re-visit an earlier ruling in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination." *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007), *cert. denied*, 128 S.Ct. 924 (2008). The doctrine precludes reexamining a previous ruling in the same case unless it was manifestly erroneous. *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1004 (7th Cir. 2007).

A prior ruling with respect to the same issue and the same parties in the same case is conclusive. *Butera v. Apfel*, 173 F.3d 1049, 1053 (7th Cir. 1999). "'[T]he [law of the case] doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions.'" *Jarrard*, 408 F.3d at 912 (*quoting Christianson*, 486 U.S. at 816). The doctrine only applies, however, when the court actually decides the issue in question. *Universal Guar. Life Ins. Co. v. Coughlin*, 481 F.3d 458, 462 (7th Cir. 2007).

Spehar argues that the law of the case doctrine prohibits the change of status or scope of its pre-petition secured lien. Specifically, Spehar contends the Court entertained the Financing Motion, which set forth the basis upon which Spehar had a valid perfected lien on the assets of CMGT, and, after a hearing, entered the Financing Order that confirmed that Spehar had perfected its pre-petition lien, and affirmed Spehar's entitlement to share in the Malpractice Action award if Spehar would loan money to CMGT's estate. According to Spehar, it relied on the Financing Order and loaned money to the estate. Spehar concludes that the findings in the Financing Order constitute the Court's ruling on the issue of its pre-petition secured lien, and that ruling applies to this matter.

-17-

The Court finds that it did not make any independent findings or a determination of the validity, extent, or priority of Spehar's lien. Rather, the Court entertained the Financing Motion on the parties' stipulation that simply recited that Spehar had perfected its pre-petition lien. In the Financing Order, the Court did not make any specific evidentiary findings of fact or conclusions of law, after a full hearing, regarding the validity of Spehar's lien. Therefore, Spehar's motion for judgment on the pleadings cannot be granted on the basis of the law of the case doctrine.

## V. **CONCLUSION**

For the foregoing reasons, the Court denies Spehar's motion for judgment on the pleadings because there are disputed issues of material fact and Spehar has not shown that it is entitled to judgment as a matter of law. At this stage of the litigation, the Court cannot make a determination regarding the merits of Spehar's defenses because of the disputed factual issues. However, these defenses may have merit after an evidentiary hearing.

This matter is set for a pretrial conference on March 28, 2008 at 9:00 a.m., at which time a final pretrial order setting this matter for trial on the merits will be entered.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: _3/12/8_

**John H. Squires**
**United States Bankruptcy Judge**

cc: See attached Service List

## SERVICE LIST

### David E. Grochocinski, Trustee v. Spehar Capital, LLC
Adversary Case No. 07 A 00838

Kathleen M. McGuire, Esq.
Grochocinski, Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park, IL 60462

Scott N. Schreiber, Esq.
Jon D. Cohen, Esq.
55 West Monroe Street, Suite 1200
Chicago, IL 60603

William T. Neary, United States Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606

David E. Grochocinski, Esq.
Grochocinski, Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park, IL 60462