## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 04 B 31669 |
| CMGT, INC., | ) | Chapter 7 |
| | ) | Judge John H. Squires |
| Debtor. | ) | |
| —————————————————— | ) | |
| DAVID E. GROCHOCINSKI, Trustee, | ) | |
| | ) | Adversary No. 07 A 00838 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPEHAR CAPITAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This matter comes before the Court on the motion filed by Spehar Capital, LLC ("Spehar")

asking the Court to reconsider an order it entered on March 26, 2010 that dismissed the instant

adversary proceeding pursuant to a remand from the United States District Court for the Northern

District of Illinois.  For the reasons set forth herein, the Court denies Spehar's motion.

## I.  JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and

Internal Operating Procedure 15(a) of the United States District Court for the Northern District

of Illinois.  It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O).

-2-

## II. FACTS AND BACKGROUND

A brief recitation of some of the litigation in this adversary proceeding is necessary. On August 30, 2007, David E. Grochocinski, the Chapter 7 case trustee (the "Trustee") for the estate of CMGT, Inc. (the "Debtor") filed the instant adversary proceeding against Spehar. The Trustee filed an amended complaint on October 5, 2007, wherein he sought to determine the validity, extent, or priority of claims and interests of Spehar. Specifically, the amended complaint alleged the following: Spehar and the Trustee entered into a post-petition financing agreement whereby Spehar agreed to loan the Debtor's estate funds in order for the Trustee to prosecute a malpractice claim[1] on behalf of the estate against former attorneys for the Debtor. As part of the financing

---

[1] The malpractice action was filed in August 2006 in the Circuit Court of Cook County, Illinois, and was thereafter removed to the United States District Court for the Northern District of Illinois on October 10, 2006, *Grochocinski v. Mayer Brown Rowe & Maw LLP*, No. 06 C 5486. On March 31, 2010, Judge Virginia M. Kendall found that the Trustee's malpractice action failed as a matter of law, and granted the Defendants' motion for summary judgment. 2010 WL 1407256 (N.D. Ill. Mar. 31, 2010). In that decision, Judge Kendall found that the Trustee did not bring the malpractice action on behalf of the unsecured creditors of the Debtor's estate. Rather, she found that the Trustee "served as Spehar's puppet and brought the suit to benefit solely Spehar." *Id.* at *13. She referred to Spehar as the "puppetmaster" and the Trustee as his "puppet." *Id.* at *12. In pertinent part, Judge Kendall stated:

> The circumstances presented in this case reveal a deliberate manipulation of the judicial system designed to benefit only one individual. Sadly, that individual had the complicit agreement of a bankruptcy trustee whose obligation to the court and to others was paramount to his dealings with this individual "creditor" and that trustee continued the manipulation through his lack of diligence and myopic devotion to Spehar's plan.

*Id.* at *17. The irony of such findings, which are adverse to both the Trustee and Spehar, is in marked contrast to the bitter and hard fought dispute between the Trustee and Spehar in this Court.

-3-

agreement, Spehar was to make specific advances to the Debtor's estate in exchange for a share in the net recovery from the malpractice litigation. The Trustee filed a motion seeking approval of his agreement with Spehar, and the Court subsequently entered a financing order which allowed the Trustee to obtain credit on behalf of the Debtor's estate in order to pursue the malpractice claim. Spehar disputed the settlement of certain adversary proceedings that the Trustee had filed against investors of the Debtor, and he refused to make any further advance payment to the Debtor's estate. As a result, the Trustee filed the instant adversary proceeding against Spehar challenging Spehar's claim of a secured lien position against the Debtor and its estate assets which included the malpractice claim. In his amended answer filed on December 14, 2007, Spehar raised affirmative defenses and filed a counterclaim that alleged the Trustee breached the financing agreement.

On January 16, 2008, Spehar filed a motion for judgment on the pleadings. (Docket No. 39.) On March 12, 2008, the Court denied Spehar's motion. *Grochocinski v. Spehar Capital, LLC (In re CMGT, Inc.)*, 384 B.R. 497 (Bankr. N.D. Ill. 2008). Subsequently, on March 25, 2008, Spehar filed a motion to reconsider the denial of the motion for judgment on the pleadings. (Docket No. 59.) While that motion was pending, Spehar filed a motion for summary judgment on May 21, 2008. (Docket No. 70.) The Trustee filed a cross-motion for summary judgment on August 13, 2008. (Docket No. 96.) On July 16, 2008, the Court denied Spehar's motion to reconsider the denial of the motion for judgment on the pleadings. (Docket No. 83.) Thereafter, on October 30, 2008, the Court denied both motions for summary judgment. *Grochocinski v. Spehar Capital, LLC (In re CMGT, Inc.)*, 2008 WL 4767434 (Bankr. N.D. Ill. Oct. 30, 2008).

-4-

On November 24 and 25, 2008, the Court held a trial in this matter. After that hearing, on March 17, 2009, the Court entered judgment in favor of the Trustee on all counts of his amended complaint and on Spehar's counterclaim. *Grochocinski v. Spehar Capital, LLC (In re CMGT, Inc.)*, 402 B.R. 262 (Bankr. N.D. Ill. 2009). Spehar filed an appeal of the Court's March 17, 2009 decision on March 27, 2009. The appeal was assigned to Judge Robert W. Gettleman.

While that appeal was pending before Judge Gettleman, on July 20, 2009, Spehar filed a motion for relief from this Court's March 17, 2009 judgment. (Docket No. 225.) On July 24, 2009, this Court denied Spehar's motion. (Docket No. 228.) Shortly thereafter, on July 29, 2009, Judge Gettleman remanded the matter to the Court for the limited purpose of having the Court entertain a motion by Spehar under Federal Rule of Civil Procedure 60(b). (Docket No. 230.) On August 26, 2009, Spehar filed that motion before this Court (Docket No. 231) and, on September 24, 2009, the Court denied that motion. *Grochocinski v. Spehar Capital, LLC (In re CMGT, Inc.)*, 417 B.R. 69 (Bankr. N.D. Ill. 2009).

On February 2, 2010, Judge Gettleman issued a Memorandum Opinion whereby he vacated the Court's March 17, 2009 judgment and remanded the matter for further proceedings. *Spehar Capital, LLC v. Grochocinski (In re CMGT, Inc.)*, 424 B.R. 355 (N.D. Ill. 2010). Judge Gettleman concluded that the Court "erred when it entertained the [Trustee's] Adversary Proceeding." *Id.* at 361. He opined that by allowing the adversary proceeding to be prosecuted by the Trustee, this Court "in effect vacated the Financing Order after ruling that there were insufficient reasons to do so under Rule 60(b)." *Id.*

As a result of Judge Gettleman's decision, on March 26, 2010, the Court held a status hearing in this matter, and entered an order whereby it dismissed the entire adversary proceeding.

-5-

(Docket No. 253.)  On April 9, 2010, Spehar filed the instant motion asking the Court to

reconsider its dismissal of the adversary proceeding.  (Docket No. 257.)  Spehar alleges that the

Court erred when it dismissed its counterclaim against the Trustee.  According to Spehar, Judge

Gettleman's ruling did not mandate the dismissal of its counterclaim and, as a matter of law, the

dismissal of that counterclaim by this Court was improper.  As detailed above, the litigation in

this matter has been hotly contested at every stage.

### III.  APPLICABLE STANDARDS

A "motion to reconsider" is not formally designated by either the Federal Rules of

Bankruptcy Procedure or the Federal Rules of Civil Procedure, except as provided in Bankruptcy

Rule 3008, which allows reconsideration of orders allowing or disallowing claims against the

estate.  Fed. R. Bankr. P. 3008.  Rule 59(e) of the Federal Rules of Civil Procedure, as adopted

by Bankruptcy Rule 9023, permits a party to move the court to alter or amend a judgment by filing

a motion to alter or amend, not one styled as a "motion to reconsider."  Fed. R. Civ. P. 59(e).

Spehar fails to cite to the specific Rule it seeks relief under.  The substance of the motion at bar

speaks to errors of law, a basis encompassed by Rule 59(e).  *See Sigsworth v. City of Aurora, Ill.*,

487 F.3d 506, 511-12 (7th Cir. 2007).  Hence, the Court will treat the motion under Rule 59(e).

*See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (stating that a post-judgment motion

should be analyzed according to its substance, not its timing or label); *Borrero v. City of Chi.*, 456

F.3d 698, 701-02 (7th Cir. 2006) (same).

Rule 59(e) motions serve a narrow purpose and must clearly establish a manifest error of

law or fact, newly discovered evidence, *Obriecht*, 517 F.3d at 494; *Sigsworth*, 487 F.3d at 512,

-6-

or an intervening change in the controlling law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th

Cir. 1998). The decision to grant or deny a Rule 59(e) motion is within the court's discretion.

*In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *LB Credit Corp. v. Resolution Trust Corp.*, 49

F.3d 1263, 1267 (7th Cir. 1995).

"The rule essentially enables a . . . court to correct its own errors, sparing the parties and

the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy*

*Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Indeed, the Rule permits a party to

bring to the attention of the trial court "factual and legal errors that may change the outcome so

they can be corrected. It does not allow a party to introduce new evidence earlier available, or

advance arguments that could and should have been presented prior to the judgment." *Herbstein*

*v. Bruetman (In re Bruetman)*, 259 B.R. 672, 673-74 (Bankr. N.D. Ill.), *aff'd*, 266 B.R. 676 (N.D.

Ill. 2001), *aff'd*, 32 Fed. Appx. 158 (7th Cir. 2002). "A 'manifest error' is not demonstrated by

the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure

to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.

2000) (internal quotation omitted).

The function of a motion to alter or amend a judgment is not to serve as a vehicle to

relitigate old matters or present the case under a new legal theory. *Moro v. Shell Oil Co.*, 91 F.3d

872, 876 (7th Cir. 1996). Moreover, the purpose of such a motion "is not to give the moving

party another 'bite of the apple' by permitting the arguing of issues and procedures that could and

should have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*,

125 B.R. 963, 977 (Bankr. N.D. Ill. 1990). The rulings of a bankruptcy court "are not intended

as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Quaker*

-7-

*Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *BNT Terminals*, 125 B.R. at 977.

## IV. DISCUSSION

Spehar contends that when the Court dismissed the entire adversary proceeding, it incorrectly dismissed the counterclaim against the Trustee. According to Spehar, Judge Gettleman's ruling did not require the Court to dismiss the counterclaim. Rather, Spehar maintains that because Judge Gettleman used the word "vacate" when referring to the Court's March 17, 2009 Memorandum Opinion, and remanded the adversary proceeding for "further proceeding[s] consistent with this opinion," it was clear that there was action to be taken on the counterclaim after the complaint was dismissed.

The Court rejects Spehar's argument. The Court disagrees with Spehar's interpretation of Judge Gettleman's decision. In the opening paragraph of his ruling, Judge Gettleman acknowledges that Spehar raised affirmative defenses and filed a counterclaim against the Trustee. *Spehar Capital*, 424 B.R. at 356. In the next paragraph of that decision, he notes that this Court entered judgment in favor of the Trustee on all counts of his amended complaint and on Spehar's counterclaim. *Id.* Judge Gettleman did not make any further mention of the counterclaim. Instead, he concluded that this Court erred when it entertained the adversary proceeding, which encompassed both the Trustee's claims against Spehar and Spehar's counterclaim against the Trustee. *Id.* at 361. Specifically, he found that by allowing the adversary proceeding to be

-8-

prosecuted by the Trustee, this Court, in effect, vacated the financing order after it had ruled that

there were insufficient reasons to do so under Rule 60(b). *Id.* Judge Gettleman vacated the

March 17, 2009 judgment and remanded the matter for further proceedings consistent with his

ruling. *Id.*

Although Judge Gettleman included two references to the counterclaim in his recitation

of the factual background, *id.* at 356, he made no specific findings regarding the counterclaim in

his decision. That he did not address Spehar's counterclaim is easily explained. Spehar's brief

filed in the appeal before him did not identify this Court's judgment in favor of the Trustee on the

counterclaim as an independent issue or basis for the appeal. (Trustee Resp. to Spehar Mot. to

Reconsider, Ex. D.)[2] Understandably then, Judge Gettleman did not make any specific findings

with respect to the counterclaim.

The Court, when it entered its Order dismissing the adversary proceeding, interpreted

Judge Gettleman's decision to include the counterclaim. Judge Gettleman did not indicate that

the counterclaim should survive. Rather, he stated that this Court "erred when it entertained the

---

[2] In its brief filed before Judge Gettleman, Spehar, in the statement of issues section,
listed the following five alleged errors made by this Court:

  1. Whether the Court erred by permitting the Trustee to collaterally attack the clear
and unambiguous finance order through the adversary proceeding.
  2. Whether the Court erred in denying Spehar's summary motions and imposing the
wrong burden of proof upon Spehar.
  3. Whether the Court erred in precluding deposition testimony and ruling there was
insufficient service of process regarding the citations to discover assets.
  4. Whether the Court's material factual decisions after trial were clearly erroneous
requiring a judgment against the Trustee and in Spehar's favor.
  5. Whether the Court erred in denying Spehar's post-trial Rule 60(b) motion.

(*Id.* at p. 1.)

-9-

Adversary Proceeding." *Spehar Capital*, 424 B.R. at 361. The Court construed that language to

include the termination of the counterclaim, which was a part of the adversary proceeding.

Spehar cites to several cases for the proposition that a compulsory counterclaim is allowed

to proceed without regard to the fate of the original claim, including dismissal of the complaint.

*See Amoco Prod. Co. v. United States*, 852 F.2d 1574, 1579 (10th Cir. 1988); *Nat'l Research

Bureau, Inc. v. Bartholomew*, 482 F.2d 386, 388-89 (3d Cir. 1973). The Seventh Circuit has

taken a similar position and opined "that where a counterclaim states a cause of action seeking

affirmative relief independent of that stated in the complaint, the dismissal of the complaint does

not preclude a trial and determination of the issues presented by the counterclaim." *Switzer Bros.,

Inc. v. Chi. Cardboard Co.*, 252 F.2d 407, 410 (7th Cir. 1958).

Even though a counterclaim can survive when the original action is dismissed, the Court

finds that it is bound to follow Judge Gettleman's conclusion and mandate that the filing and

prosecution of the entire adversary proceeding was improper under the law of the case doctrine.

This doctrine provides that "'when a court decides upon a rule of law, that decision should

continue to govern the same issues in subsequent stages in the same case.'" *Christianson v. Colt

Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (*quoting Ariz. v. Cal.*, 460 U.S. 605, 618

(1983)). An elementary application of the doctrine occurs when an appellate court reverses a final

judgment and remands the case to the district court. *In re S. Beach Sec., Inc.*, 376 B.R. 881, 888

(Bankr. N.D. Ill. 2007), *aff'd*, 421 B.R. 456 (N.D. Ill. 2009), *aff'd*, 606 F.3d 366 (7th Cir. 2010).

On remand, "the district court is required to comply with the express or implied rulings of the

appellate court." *Creek v. Vill. of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998) (internal

quotation omitted). The same holds true for a bankruptcy court on a remand from the district

-10-

court. *S. Beach Sec.*, 376 B.R. at 888. On remand, the law of the case doctrine generally requires

the lower court to confine its discussion to the issues remanded. *United States v. Morris*, 259

F.3d 894, 898 (7th Cir. 2001).

Judge Gettleman's February 2, 2010 ruling is the law of the case. Judge Gettleman clearly

opined and concluded that this Court "erred when it entertained the Adversary Proceeding."

*Spehar Capital*, 424 B.R. at 361. The Court is bound by that express ruling and therefore

dismissed the adversary proceeding. The Court corrected the error identified by Judge Gettleman

when it dismissed the adversary proceeding. Moreover, the implication of Judge Gettleman's

ruling, which the Court is required to follow, is that if the adversary proceeding should not

proceed, then neither should Spehar's counterclaim. Judge Gettleman did not determine that the

counterclaim should survive. Rather, he simply addressed the propriety of the filing of the

Trustee's action against Spehar as the threshold issue. He determined that by virtue of the

financing order's terms, Spehar had a perfected superior lien on the assets of the Debtor's estate

and that the Trustee should not have been allowed to challenge such lien rights in the adversary

proceeding. Even though Judge Gettleman included limited narrative with respect to the

counterclaim having been filed by Spehar, he made no specific findings regarding that

counterclaim. Because the relief Spehar sought in its counterclaim was not an issue Spehar raised

in its list of issues on appeal, and the counterclaim was not further discussed in the scope of Judge

Gettleman's mandate, the Court determined that dismissal of the entire adversary proceeding,

including the counterclaim, was proper.

The Trustee argues that even if Spehar is not precluded from prosecuting the counterclaim,

Spehar is now barred from bringing such claim against the Trustee personally. Pursuant to the

-11-

Barton doctrine,[3] a party must obtain leave of the bankruptcy court before suit can be brought

against a trustee for actions taken within the trustee's administrative capacity. *In re Linton*, 136

F.3d 544, 545 (7th Cir. 1998). Before leave is given by the bankruptcy court, the claimant must

demonstrate that he has a prima facie case against the trustee. *In re Weitzman*, 381 B.R. 874, 880

(Bankr. N.D. Ill. 2008); *In re Kids Creek Partners, L.P.*, 248 B.R. 554, 558 (Bankr. N.D. Ill.),

*aff'd*, No. 00 C 4076, 2000 WL 1761020 (N.D. Ill. Nov. 30, 2000); *In re Berry Publ'g Servs.,*

*Inc.*, 231 B.R. 676, 679 (Bankr. N.D. Ill. 1999). The purpose of the Barton doctrine is to protect

the integrity of the bankruptcy process:

> Just like an equity receiver, a trustee in bankruptcy is working in
> effect for the court that appointed or approved him, administering
> property that has come under the court's control by virtue of the
> Bankruptcy Code. If he is burdened with having to defend against
> suits by litigants disappointed by his actions on the court's behalf,
> his work for the court will be impeded.

*Linton*, 136 F.3d at 545.

As an officer of the court, a trustee's exposure to personal liability is limited. *Kids Creek*,

248 B.R. at 558. "A trustee 'cannot be held personally liable unless he acted outside the scope

of his authority as trustee. . . .'" *Id.* (*quoting State of Ill., Dep't of Revenue v. Schechter*, 195 B.R.

380, 384 (N.D. Ill. 1996)). A trustee's personal liability for a breach of fiduciary duty extends

only to "a willful and deliberate violation of his fiduciary duties." *In re Chi. Pac. Corp.*, 773 F.2d

909, 915 (7th Cir. 1985).

---

[3] The doctrine, which originated in *Barton v. Barbour*, 104 U.S. 126 (1881), required
a party to obtain permission of the appointing court before bringing suit against a receiver.

-12-

On December 14, 2007, Spehar's attorney at that time[4] appeared before the Court on its motion for leave to file its amended answer and counterclaim. As filed, the counterclaim alleged a claim for breach of contract. The pleading stated that such claim is against the Trustee, "not individually but solely as Chapter 7 Trustee of the Estate of CMGT. . . ." (Docket No. 33.) The Court listened to arguments made by the Trustee and Spehar's counsel and granted Spehar's motion for leave to file the amended answer and counterclaim. Specifically, the Court opined that the counterclaim did "not seek any damages against the [T]rustee individually, but solely in his capacity as trustee of the estate." (Trustee Resp. to Spehar Mot. to Reconsider, Ex. C. at p. 10, lines 21-23.) The Court further stated that because "there is no in personam relief requested in the counterclaim against [the Trustee] personally but only in his capacity as trustee, and the request would be for damages against the bankruptcy estate for the alleged . . . contention that [the Trustee] . . . supposedly violated or breached the underlying financing agreement between the parties, I don't think the Barton doctrine applies. . . ." (Id. at p. 11, lines 3-12.)

Spehar's fourth and current attorney, contrary to the counterclaim filed by its second attorney, now clearly asserts personal liability against the Trustee in the motion at bar. Spehar presently maintains that it is "entitled to obtain judgment on its counterclaim, to seek sanctions against the Trustee for its [sic] wrongful actions and to petition the court for attorneys' fees regarding the same." (Spehar Mot. for Reconsideration ¶16.) A request to impose sanctions against a party is inherently personal. Thus, Spehar now seeks personal liability against the Trustee. The Barton doctrine prevents this claim against the Trustee. Moreover, as a result of the

---

[4] When the counterclaim was filed, Spehar was represented by its second set of attorneys of record. Now, Spehar is represented by a fourth set of attorneys.

-13-

dismissal of the malpractice litigation in the District Court, there are virtually no assets for the Trustee to administer in the Debtor's estate. Therefore, any recovery by Spehar on its counterclaim would be against the Trustee personally and barred by the Barton doctrine. Spehar did not request nor did it receive leave from this Court to seek in personam relief against the Trustee.

Spehar cites to *Maxwell v. KPMG, LLP*, 520 F.3d 713 (7th Cir. 2008) for the proposition that it can sue the Trustee for sanctions for filing a frivolous suit. Spehar's reliance on this case as a basis for this Court to vacate its Order dismissing the adversary proceeding and enter judgment on its counterclaim is misplaced. In *Maxwell*, the Seventh Circuit found that a Chapter 7 bankruptcy trustee's malpractice action against an accounting firm "may well be frivolous." *Id.* at 719. The court stated that the term frivolousness "must depend not on the net expected value of a suit in relation to the cost of suing, but on the probability of the suit's succeeding. If that probability is very low, the suit is frivolous. . . ." *Id.* The court invited the defendants in *Maxwell* to file a motion for an award of attorney's fees. *Id.* In a subsequent decision in the same case, the court addressed the defendants' motion for sanctions filed before it as well as a motion for leave to file a motion for sanctions in the district court. *Maxwell v. KPMG LLP*, No. 07-2819, 2008 WL 6140730 (7th Cir. Aug. 19, 2008). The court granted the motion for sanctions against the trustee's counsel. *Id.* at *4. However, the court refused to sanction the trustee. According to the Seventh Circuit, a trustee is "personally liable only if he willfully and deliberately violated his fiduciary duties." *Id.* The court found that there was no evidence to suggest that the trustee willfully violated his fiduciary duties, and thus, declined to hold him personally liable for the sanction. *Id.*

-14-

Here, the Court finds that Spehar has not alleged, much less demonstrated, that the Trustee willfully and deliberately violated his fiduciary duties. Rather, Spehar alleged that the Trustee breached the financing agreement. Furthermore, Spehar has not shown or presented evidence of a prima facie case against the Trustee. Consequently, Spehar's argument fails.

Furthermore, even if the Court finds that the counterclaim survives the dismissal of the adversary proceeding, the doctrine of judicial estoppel prevents Spehar from proceeding on its counterclaim. The Seventh Circuit has stated that a court "may raise [judicial] estoppel on its own motion in an appropriate case." *In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990). This is such a case.

Judicial estoppel arises when "a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter . . . assume a contrary position. . . ." *N.H. v. Me.*, 532 U.S. 742, 749 (2001) (internal quotation omitted). *Accord Zedner v. United States*, 547 U.S. 489, 504 (2006). Judicial estoppel is an equitable concept invoked at a court's discretion and designed "'to prevent the perversion of the judicial process[.]'" *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (*quoting Cassidy*, 892 F.2d at 641). In other words, "[j]udicial estoppel is intended to protect the courts from the litigatory shenanigans that would result if parties could, without limitation or consequence, swap litigation positions like hats in successive cases based on simple expediency or self-benefit." *Jarrard v. CDI Telecomms., Inc.*, 408 F.3d 905, 915 (7th Cir. 2005). "One who argues a position in court, and prevails, rarely is entitled to switch ground and argue an inconsistent position later, even within the scope of a single proceeding." *In re Hovis*, 356 F.3d 820, 823 (7th Cir. 2004).

-15-

There is no hard and fast or ready formula for determining the proper circumstances under which judicial estoppel is to be applied. *Levinson v. United States*, 969 F.2d 206, 264 (7th Cir. 1992). Although no precise formula guides the application of judicial estoppel, several factors are relevant in deciding whether invocation of the doctrine would be appropriate: (1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first court to adopt its position; and (4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Jarrard*, 408 F.3d at 914-15; *United States v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003).

The Court finds that all of the factors are present in order to properly invoke the doctrine here. First, Spehar's filed counterclaim specifically stated that such claim is against the Trustee "not individually but solely as Chapter 7 Trustee of the Estate of CMGT. . . ." (Docket No. 33.) In the instant motion, however, Spehar maintains that it is "entitled to obtain judgment on its counterclaim, to seek sanctions against the Trustee for its [sic] wrongful actions and to petition the court for attorneys' fees regarding the same." (Spehar Mot. for Reconsideration ¶16.) When the counterclaim was filed, Spehar was not making a claim against the Trustee personally. Presently, however, Spehar unquestionably seeks sanctions against the Trustee personally for his alleged wrongful actions. Spehar has changed its position in the instant motion and seeks in personam relief against the Trustee after the malpractice action was dismissed by Judge Kendall in the District Court. Clearly, Spehar seeks to tax the Trustee personally with the attorneys' fees it has incurred. Thus, Spehar's current position is inconsistent with his earlier position.

-16-

Second, the Court finds that the facts at issue are the same.  Next, Spehar alleged to this

Court that its counterclaim against the Trustee was not against him personally.  On December 14,

2007, Spehar's attorney appeared before the Court on its motion for leave to file its amended

answer and counterclaim.  The Court listened to arguments made by Spehar's counsel and granted

Spehar's motion for leave to file the amended answer and counterclaim.  The Court stated that

the counterclaim did "not seek any damages against the [T]rustee individually, but solely in his

capacity as trustee of the estate." (Trustee Resp. to Spehar Mot. to Reconsider, Ex. C. at p. 10,

lines 21-23.)  The Court further noted that because "there is no in personam relief requested in

the counterclaim against [the Trustee] personally but only in his capacity as trustee, and the

request would be for damages against the bankruptcy estate for the alleged . . . contention that [the

Trustee] . . . supposedly violated or breached the underlying financing agreement between the

parties, I don't think the Barton doctrine applies. . . ." (*Id.* at p. 11, lines 3-12.)  The Court

acknowledged Spehar's position that the counterclaim was not against the Trustee personally and

granted Spehar leave to file the counterclaim.  Therefore, the third element has been satisfied.

Finally, the Court finds that Spehar would derive an unfair advantage or impose an unfair

detriment on the Trustee if not estopped.  In December of 2007 when Spehar sought leave to file

its amended answer and counterclaim, its counsel at the time argued to this Court that the claim

was not against the Trustee personally.  Specifically, he stated to the Court that "[m]y client is not

seeking to sue [the Trustee] personally.  My client has a counterclaim against the [T]rustee's

standing as trustee. (*Id.* at p. 7, lines 22-25.)  Based upon that representation, the Court found that

the Barton doctrine did not prevent Spehar from filing his counterclaim. (*Id.* at pp. 10-12.)  Now,

with its fourth attorney, Spehar has changed its course a full 180 degrees and seeks sanctions

-17-

against the Trustee personally.  As a result of the dismissal of the malpractice litigation in the

District Court, there are virtually no assets for the Trustee to administer and distribute.

Accordingly, any imposition of sanctions would be against the Trustee personally, which would

impose an unfair detriment on him.


## V.  CONCLUSION

For the foregoing reasons, the Court denies Spehar's motion.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance

with Federal Rule of Bankruptcy Procedure 7052.  A separate order shall be entered pursuant to

Federal Rule of Bankruptcy Procedure 9021.


ENTERED:


DATE: _____8/11/10_____   _____

**John H. Squires**
**United States Bankruptcy Judge**


cc:    See attached Service List

## SERVICE LIST

### David E. Grochocinski, Trustee v. Spehar Capital, LLC
### Adversary Case No. 07 A 00838

Kathleen M. McGuire, Esq.
Grochocinski, Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park, IL 60462

John G. Lamb, Esq.
Russell G. Winick & Associates, P.C.
1220 Iroquois Avenue, Suite 100
Naperville, IL 60563

William T. Neary, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604