## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 04 B 31669 |
| CMGT, INC., | ) | Chapter 7 |
| | ) | Judge John H. Squires |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| DAVID E. GROCHOCINSKI, Trustee, | ) | |
| | ) | Adversary No. 07 A 00838 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPEHAR CAPITAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This matter comes before the Court on the Memorandum Opinion and Order entered by Judge Robert W. Gettleman that vacated this Court's order of dismissal dated August 11, 2010. For the reasons set forth herein, the Court reinstates the instant adversary proceeding and enters judgment in the nominal sum of $1.00 in favor of Spehar Capital, LLC ("Spehar") on its counterclaim against David E. Grochocinski, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of CMGT, Inc. in his capacity as trustee of CMGT's estate. Spehar is given leave to file a petition for sanctions and attorneys' fees against the Trustee based on Judge Gettleman's Memorandum Opinion and Order. Spehar has an allowed administrative expense claim in the amount of $5,000 under 11 U.S.C. § 506(c) against the estate for the advance it made.

-2-

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and

Internal Operating Procedure 15(a) of the United States District Court for the Northern District

of Illinois. This matter is before the Court on Spehar's counterclaim against the Trustee for

breach of contract. It is a core proceeding under 28 U.S.C. § 157(b)(2)(K) and (O). The parties

waived their opportunity to submit additional evidence into the record and rested on their papers

and closing arguments. Much, if not most, of the parties' final papers reargue and restate their

positions in the earlier stages of this hard-fought and increasingly embittered litigation. The Court

will not further belabor the record discussing these arguments. Rather, the Court will confine its

work to compliance with Judge Gettleman's remand.


## II. FACTS AND BACKGROUND

On March 21, 2011, Judge Robert W. Gettleman issued a Memorandum Opinion and

Order where he vacated this Court's order of dismissal and instructed the Court to reinstate the

instant adversary proceeding in order to rule on Spehar's counterclaim and to allow it to file a

petition for sanctions and attorneys' fees. *Spehar Capital, LLC. v. Grochocinski (In re CMGT,

Inc.)*, No. 10 C 6330, 2011 WL 1044280 (N.D. Ill. Mar. 21, 2011). The relevant background in

this matter is contained in this Court's March 17, 2009 Memorandum Opinion, *Grochocinski v.

Spehar Capital, LLC (In re CMGT, Inc.)*, 402 B.R. 262 (Bankr. N.D. Ill. 2009), the Court's

September 24, 2009 Memorandum Opinion, *Grochocinski v. Spehar Capital, LLC (In re CMGT,

Inc.)*, 417 B.R. 69 (Bankr. N.D. Ill. 2009), and Judge Gettleman's February 2, 2010 Memorandum

Case 07-00838   Doc 296   Filed 07/21/11   Entered 07/21/11 13:47:39   Desc Main
Document      Page 3 of 9

-3-

Opinion, *Spehar Capital, LLC v. Grochocinski (In re CMGT, Inc.)*, 424 B.R. 355 (N.D. Ill. 2010).
Those detailed facts will not be repeated here. Rather, a brief summary will be sufficient.

In 2007, the Trustee filed this adversary proceeding against Spehar and Spehar filed a
counterclaim alleging that the Trustee breached the material terms of an agreed financing order
(the "Financing Order"). Spehar argued that the Trustee was obligated under the terms of the
Financing Order to void all other claimed secured liens in favor of Spehar's valid, perfected lien
on CMGT's assets. The Trustee asserted that he was not required to do so because Spehar did
not have a valid and perfected lien on the assets.

The Court agreed with the Trustee's position and held that Spehar did not have a valid,
perfected lien on CMGT's assets. *CMGT*, 402 B.R. at 282. Spehar appealed that decision and
Judge Gettleman determined that the Trustee's adversary proceeding was an impermissible
attempt to collaterally attack the validity of the Financing Order, vacated the Court's judgment
in favor of the Trustee, and remanded the matter for further proceedings consistent with his ruling.
*CMGT*, 424 B.R. at 361. On remand, the Court dismissed the adversary proceeding, including
Spehar's counterclaim. *Grochocinski v. Spehar Capital, LLC (In re CMGT, Inc.)*, Nos. 04 B
31669, 07 A 00838, 2010 WL 3169362 (Bankr. N.D. Ill. Aug. 11, 2010). Spehar filed a motion
for reconsideration which the Court denied. Spehar then filed an appeal and Judge Gettleman
ruled that the Court erred when it dismissed the entire adversary proceeding, including Spehar's
counterclaim for breach of contract. *CMGT*, 2011 WL 1044280 at *2. Judge Gettleman also
found that the Court erred when it denied Spehar the opportunity to petition for an award of
sanctions and attorneys' fees. *Id.*

-4-

## III. DISCUSSION

Based upon Judge Gettleman's March 21, 2011 Opinion, the Court reinstates the instant adversary proceeding, including Spehar's counterclaim for breach of contract against the Trustee. Judge Gettleman's rulings in this matter are the law of the case. *See Jarrard v. CDI Telecomms., Inc.*, 408 F.3d 905, 912 (7th Cir. 2005) ("matters decided on appeal become the law of the case to be followed in all subsequent proceedings in the trial court. . . .") (citation omitted). This Court is bound by Judge Gettleman's decisions.

Next, the Court must determine the merits of Spehar's counterclaim. In its counterclaim, Spehar alleges that the Trustee induced it to loan $5,000 to CMGT's estate by promising that Spehar would have a valid pre-petition secured claim against the estate in the sum of $17,045,780. Spehar claims that the Trustee breached his agreement with Spehar to allow it treatment as a secured claim holder. Spehar contends that the Financing Order constitutes an admission by the Trustee that Spehar has a valid pre-petition claim of $17,045,780 plus interest and costs.

The Court will look to Illinois law in evaluating Spehar's breach of contract counterclaim. In order to show a breach of the Financing Order, Spehar must demonstrate the following elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by Spehar; (3) a breach by the Trustee; and (4) the resultant damages. *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 839 (7th Cir. 2010) (citing Illinois law). The Court finds that Spehar has demonstrated all of these elements, except for the last one.

The parties do not dispute that the Financing Order is a valid and enforceable contract and that Spehar substantially performed under the Financing Order. Specifically, Spehar paid the Trustee $5,000 in order for the Trustee to obtain and fund counsel to pursue the malpractice

-5-

action. Unfortunately for Spehar, the Trustee, and all other estate creditors, that malpractice action was dismissed by the District Court without any recovery, *Grochocinski v. Mayer Brown Rowe & Maw LLP*, 06 C 5486, 2010 WL 1407256 (N.D. Ill. Mar. 31, 2010), and is currently on appeal before the Seventh Circuit (11-1393). Unless that appeal succeeds, there will not be any recovery on that estate claim.

Further, the Court finds that the Trustee breached the Financing Order. The motion that precipitated the Financing Order provided that in exchange for Spehar loaning money to the Trustee and sharing its recovery with the estate according to a certain schedule, the Trustee, pursuant to Paragraph 8 of the Financing Order, was required to "take all reasonable and appropriate actions to void all liens that are asserted to be superior to Spehar's valid and perfected lien in CMGT's assets. . . ." (Trustee Supp. Brief Ex. No. 1, ¶ 8.) The Trustee filed the instant adversary proceeding alleging, among other things, that Spehar did not have a valid, perfected lien against any of CMGT's assets. The Court concludes that the filing of this adversary proceeding against Spehar was a breach of the Financing Order. After all, Judge Gettleman found that this adversary proceeding was an impermissible collateral attack on the findings in the Financing Order that Spehar had a valid, perfected lien. *CMGT*, 424 B.R. at 361. The Trustee has attempted to invalidate Spehar's valid and perfected lien. This action breached the Financing Order and the underlying agreement.

Finally, the Court finds that Spehar has failed to prove damages as a result of the Trustee's breach of the Financing Order. The only evidence before the Court regarding damages was the testimony from Gerry Spehar at the trial in this matter on November 25, 2008. Gerry Spehar testified that he, as president of Spehar, had incurred over $200,000 in damages as a result of

-6-

defending the validity of Spehar's lien. (Spehar Supp. Brief Ex. No. 5, p. 62:21 - 23.) The Court

stated then that it had no reason to disbelieve his testimony (*id.* at p. 138:22 - 24) and it does not

have any reason today to disbelieve the testimony. This was the only evidence adduced at the trial

with respect to Spehar's damages and was not corroborated by any supporting documentary

evidence to establish exactly what comprised those damages.

Under Illinois law, "[d]amages for breach of contract are intended to give the plaintiff the

difference between where he would have been financially had the contract not been broken, and

where he is in fact." *Emerald Invs. Ltd. P'ship v. Allmerica Fin. Life Ins. & Annuity Co.*, 516

F.3d 612, 619 (7th Cir. 2008); *see also Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 78 F.3d 266,

278 (7th Cir. 1996) (same); *Royal Sleep Prods., Inc. v. Restonic Corp.*, No. 07 C 6588, 2010 WL

1172555, at *6 (N.D. Ill. Mar. 22, 2010) (*citing Emerald Invs.*).

Spehar maintains that it is entitled to the $200,000 it incurred as a result of the litigation

in this matter. The Court assumes that the $200,000 was incurred by Spehar for attorneys' fees

and costs advanced by the four law firms Spehar hired to represent it in this protracted litigation.

Unfortunately for Spehar, its attorneys' fees and expenses do not comprise compensable damages.

Illinois recognizes the American Rule that "absent a statute or contractual provision, a successful

litigant must bear the burden of his or her own attorney's fees." *Fednav Int'l*, 624 F.3d at 839

(internal quotation omitted). Spehar has not identified any contractual provision in the Financing

Order or a statute that shows it is entitled to recover litigation expenses and attorneys' fees

incurred in this adversary proceeding. Thus, it must bear its own fees and costs.

Spehar further contends that at the very least it has suffered damages in the sum of

$5,000–the amount it advanced to the Trustee under the Financing Order in order for the Trustee

-7-

to hire counsel to prosecute the malpractice action. This amount, however, is not damages resulting from the breach; it was a loan to the estate under the terms of the Financing Order. A party injured by another's breach or repudiation of a contract usually seeks recovery in the form of damages based on his "expectation interest," which involves obtaining the "benefit of the bargain," or his "reliance interest," which involves reimbursement for loss caused by reliance on the contract. *McBaldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 845 N.E.2d 22, 30 (Ill. App. Ct. 2006). Spehar received the benefit of the bargain because the Trustee used Spehar's $5,000 advancement to hire counsel who, in turn, prosecuted the malpractice action albeit without success to date. Indeed, Spehar received the full benefit of advancing the $5,000.

The Court finds, however, that under the Financing Order, Spehar has an administrative expense claim for the $5,000 advancement. Paragraph 5 provides that all advances made by Spehar to the estate are to "accrue interest at the minimum Applicable Federal Rate as published by the Internal Revenue Service from time to time; and . . . [shall] be deemed to be an administrative expense under 11 U.S.C. § 506(c)." (Trustee Supp. Brief Ex. No. 1, ¶ 5.)

Damages are an element of breach of contract, and Spehar has not proved that element. Nevertheless, the breach of a contract entitles the non-breaching party to nominal damages. *Hydrite Chem. Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 891 (7th Cir. 1995); *Real Estate Value Co. v. UsAir, Inc.*, 979 F. Supp. 731, 741 (N.D. Ill. 1997) (applying Illinois law). If a non-breaching party in a breach of contract action is unable to show "a proper basis from which . . . damages could be computed, [the non-breaching party] is entitled only to nominal damages." *Hentze v. Unverfehrt*, 604 N.E.2d 536, 540 (Ill. App. Ct. 1992). Therefore, Spehar is entitled only to nominal damages for the Trustee's breach of the Financing Order. *See Spoilage Cutter Co. v.*

-8-

*World Kitchen, LLC*, No. 08 C 1263, 2010 WL 3365863, at *13 (N.D. Ill. Aug. 19, 2010). The

Court enters judgment in favor of Spehar and against the Trustee in his capacity as such, and not

individually, in the nominal sum of $1.00.

## IV.  CONCLUSION

For the foregoing reasons, the Court reinstates the instant adversary proceeding and enters

judgment in the nominal sum of $1.00 in favor of Spehar on its counterclaim against the Trustee

in his capacity as trustee of CMGT's estate.  Spehar is given leave to file a petition for sanctions

and attorneys' fees against the Trustee based on Judge Gettleman's Memorandum Opinion and

Order.  Spehar has an allowed administrative expense claim in the amount of $5,000 under §

506(c) against the estate for the advance it made.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance

with Federal Rule of Bankruptcy Procedure 7052.  A separate order shall be entered pursuant to

Federal Rules of Bankruptcy Procedure 5003 and 9021.

**ENTERED:**

DATE: _7/21/11_

_____
John H. Squires
United States Bankruptcy Judge

cc:    See attached Service List

## SERVICE LIST

### David E. Grochocinski, Trustee v. Spehar Capital, LLC
**Adversary Case No. 07 A 00838**

Kathleen M. McGuire, Esq.
Grochocinski, Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park, IL 60462

John G. Lamb, Esq.
Russell G. Winick & Associates, P.C.
1220 Iroquois Avenue, Suite 100
Naperville, IL 60563

Patrick S. Layng, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604

The Honorable Robert W. Gettleman
U.S. District Court
219 S. Dearborn Street, Suite 1788
Chicago, IL 60604